J-S43020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILFREDO CABALLERO, | |
| Appellant | No. 1894 MDA 2015 |

Appeal from the Order entered October 20, 2015
In the Court of Common Pleas of York County
Criminal Division, at No(s): CP-67-CR-0000727-1989

BEFORE:  GANTMAN, P.J., PANELLA J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 23, 2016**

This is an appeal by the Commonwealth of Pennsylvania from the order granting Wilfredo Caballero ("Caballero") post-conviction relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

In 1990, Appellant, who was fourteen years old at the time of the offense, was convicted of first-degree murder as a result of his participation in the killing of the victim. The trial court sentenced him to life in prison without the possibility of parole. We affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Caballero*, 595 A.2d 189 (Pa. Super. 1991) (Table), *appeal denied*, 123 M.D. Allocatur Dkt. 1991. In the decades that followed, Caballero unsuccessfully sought post-conviction relief by filing five PCRA petitions.

Appellant filed the PCRA petition at issue here on August 21, 2012, asserting that his sentence was illegal pursuant to *Miller v. Alabama*, 123 S.Ct. 2455 (2012). In response to the PCRA court's notice of intent to dismiss without a hearing, Caballero's counsel asked the PCRA court to await our Supreme Court's decision in *Commonwealth v. Cunningham*, 51 A.3d 178 (Pa. 2012) (order granting petition for allowance of appeal).

On October 30, 2013, our Supreme Court filed its decision in *Cunningham*, determining that *Miller* did not apply retroactively to cases on collateral appeal. *See* 81 A.3d 1 (Pa. 2013). On November 12, 2013, the Commonwealth filed a motion to dismiss based upon the *Cunningham* ruling. Caballero's counsel filed a motion to amend the PCRA petition and a motion to stay. On November 21, 2013, the PCRA court denied Caballero's petition. Caballero filed a timely appeal to this Court. In an unpublished memorandum, we remanded so that the PCRA court could consider Caballero's motion to amend. *See Commonwealth v. Caballero*, 106 A.3d 169 (Pa. Super. 2014) (Table).

Following remand, the PCRA court granted Caballero's motion to amend. Following oral argument on September 20, 2015, the PCRA court took the matter under advisement. By order entered October 20, 2015, the PCRA court granted Caballero's petition by concluding that the inequity created by the *Cunningham* decision in the treatment of juvenile offenders was "not permissible under the more protective standards of the

Pennsylvania Constitution." Order, 10/20/15, at 2. The Commonwealth filed this timely appeal.

While this appeal was pending, *Miller* was held to be retroactive by the United States Supreme Court in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In *Commonwealth v. Secreti*, 134 A.3d 77 (Pa. Super. 2016), this Court held that, in light of the *Montgomery* decision, *Miller* applied retroactively to Secreti's sentence even though it was on collateral appeal, that he therefore met the pertinent PCRA's time bar exception, and that he was entitled to a new sentencing hearing in accordance with the directives of our Supreme Court's decision in *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013). Caballero is entitled to the same disposition.

Accordingly, we affirm in part and reverse in part the PCRA order. Specifically, we reverse that part of the PCRA court's order granting Caballero relief under our state constitution. *See Commonwealth v. Kennedy*, 604 A.2d 1036, 1038-39 (Pa. Super. 1990) (noting Pennsylvania's long standing practice of avoiding constitutional issues when alternative bases exist). Caballero is entitled to sentencing relief—under *Miller* and *Montgomery*. We vacate his original judgment of sentence.

Caballero has filed an application for remand in light of *Montgomery*. Given our disposition, we deny the application as moot.

Order reversed in part and affirmed in part. Judgment of sentence vacated. Application denied. Case remanded for re-sentencing. Jurisdiction relinquished.

President Judge Gantman joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2016